**JOHN L. BURRIS, Esq., SBN 69888**
**BEN NISENBAUM, Esq., SBN 222173**
**PATRICK BUELNA, Esq. SBN 317043**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Center
7677 Oakport St., Suite 1120
Oakland, CA 94621
Telephone:    (510) 839-5200
Facsimile:    (510) 839-3882
Email: John.Burris@johnburrislaw.com
Email: BenNisenbaum@gmail.com
Email: Patrick.Buelna@johnburrislaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDY MARTIN, an individual, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF SAN JOSE, a municipal corporation; ALEXANDRE VIEIRA-RIBEIRO, individually and in his official capacity as a City of San Jose Police Officer; and DOES 1-50, inclusive. <br><br> Defendants. | Case No.: <br><br> <u>COMPLAINT FOR DAMAGES</u> <br> (42 U.S.C §§ 1983) <br> (Cal. Penal Code §242) <br><br> <u>JURY TRIAL DEMANDED</u> |

## **INTRODUCTION**

1. On March 2, 2018, San Jose Police Officer Alexandre Vieira-Ribeiro ran over Plaintiff Andy Martin with a police SUV. At the time, Plaintiff and his cousin were on their way to In-N-Out Burger after a minor verbal altercation with a security guard at the Eastridge Mall. Plaintiff was walking along the Capitol Expressway on a footpath. Ofc. Vieira-Ribeiro drove over a curb and onto a jogging trail to go off-road with his vehicle and drove down Plaintiff and

his cousin. When Plaintiff moved out of the way of Ofc. Vieira-Ribeiro's car, Ofc. Vieira-Ribeiro swerved to hit Plaintiff and ran him over, then backed over Plaintiff's body. Ofc. Vieira-Ribeiro use of his vehicle was deadly and excessive force and caused Plaintiff several pelvis fractures, a broken ankle, caused nerve damage in his groin and other permanent physical injuries.

**JURISDICTION**

2. This action arises under Title 42 of the United States Code, Section 1983. The unlawful acts and practices alleged herein occurred in the City of San Jose, California, which is within this judicial district. Title 28 United State Code Section 1391 (b) confers venue upon this Court.

**PARTIES**

3. Plaintiff ANDY MARTIN ("Martin" or "Plaintiff") is a competent adult, a resident of SAN JOSE, CALIFORNIA, and a United States Citizen.

4. Defendant CITY OF SAN JOSE ("hereinafter Defendant") is and at all times herein mentioned is a municipal entity duly organized and existing under the laws of the State of California that manages and operates the CITY OF SAN JOSE.

5. Defendant Alexandre Vieira-Ribeiro (hereinafter "Vieira-Ribeiro") is a natural person, being sued in his individual and official capacity as a San Jose Police Officer. Defendant was at the time of incident and is a current police officer employed with the City of San Jose Police Department.

6. Plaintiff is ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names. Plaintiff will amend this complaint to allege his true names and capacities when ascertained. Plaintiff believes and alleges that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, and false arrests. Each defendant is liable for

his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiff will ask leave to amend this complaint subject to further discovery.

7. In doing the acts alleged herein, Defendants, and each of them acted within the course and scope of their employment for the City of San Jose.

8. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

9. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

10. Plaintiff filed a timely government tort claim on July 24, 2018 for their state causes of action and which was rejected by the City of San Jose.

## STATEMENT OF FACTS

11. On the evening of March 2, 2018, Plaintiff had went to the Eastridge Mall with his cousin and a female friend to bowl. At some point, Plaintiff, his cousin and his female friend left the bowling alley and were in the Eastridge Mall when the female friend became loud. A security guard approached and Plaintiff got into a minor verbal altercation with the security guard. Afterwards, Plaintiff and his cousin left on foot and were walking to a nearby In-N-Out Burger for food. Unbeknownst to Plaintiff, the yet-to-be-identified mall security guard called the police.

12. Defendant Officer Alexandre Vieira-Ribeiro responded with other yet-to-be-identified San Jose Police Department officers. Defendant Vieira-Ribeiro was driving a police SUV. Defendant Vieira-Ribeiro pursued Plaintiff and his cousin on a jogging trail along the Capitol Expressway. Defendant drove his SUV over the curb and off-road onto the jogging trail. Defendant drove directly behind Plaintiff and his cousin who, scared for their lives, ran to

prevent being run over. Plaintiff attempted to run laterally to the left out of the vehicle's path, but Defendant turned and followed him to the left. Then when Plaintiff went right to get out of the path of Defendants' car again, Defendant swerved to hit Plaintiff and ran him over.

13. After Defendant ran over Plaintiff with his car, he then backed over Plaintiff again with his vehicle before getting out and handcuffing Plaintiff. Plaintiff was unarmed and had done nothing but attempt move out of the way of Defendant's police vehicle at the time Defendant decided to use the deadly force of his vehicle to run over Plaintiff twice.

14. As a result of Defendant's deadly use of excessive force, Plaintiff suffered multiple fractures in his pelvis, broke his right ankle, suffered serious nerve damage in his pelvis and other permanent physical injuries.

## DAMAGES

15. As a proximate result of Defendant's conduct, Plaintiff suffered assault, battery, wrongful detention, loss of wages and excessive force.

16. As a further proximate result of Defendant's conduct, Plaintiff suffered extreme physical injury, emotional distress, fear, terror, anxiety, humiliation, and loss of sense of security, dignity, and pride as a United States Citizen.

17. The conduct of the Defendant was malicious, wanton, and oppressive. Plaintiff is therefore entitled to and award of punitive damages against said Defendant.

## CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**(Fourth Amendment – Unlawful Seizure under 42 U.S.C. Section 1983)**
*(Against Defendant Vieira-Ribeiro and DOES 1-25)*

18. Plaintiff re-alleges and incorporates by reference each and every paragraph of this Complaint.

19. At the time Defendant ran over Plaintiff the Defendant did not have reasonable

suspicion and/or probable cause to justify any seizure whatsoever. Defendant simply ran over Plaintiff and determined afterwards if he matched the identifying information of a suspect. As such, Defendant's seizure violated Plaintiff's right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution.

20. As a result of the Defendant's misconduct, the Defendant is liable for Plaintiff's injuries.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
**(Fourth Amendment – Excessive Force under 42 U.S.C. Section 1983)**
*(Against Defendant Vieira-Ribeiro and DOES 1-25)*

21. Plaintiff re-alleges and incorporates by reference each and every paragraph of this Complaint.

22. When the Defendant ran over Plaintiff with his car, the officer used unreasonable force depriving Plaintiff of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution. Moreover, Plaintiff was merely running, unarmed and did not pose any threat or use any force against Defendant. Defendant's use of deadly force was unreasonable given these circumstances. Furthermore, Defendant did not provide any warnings to Plaintiff, verbal or otherwise. Finally even after Defendant ran over Plaintiff, he then backed over Plaintiff again. Defendant did not have a lawful basis to use this extreme amount of force against Plaintiff, which violated his training and Plaintiff's constitutional rights under the Fourth Amendment.

23. As a result of his misconduct, the Defendant is liable for Plaintiff's injuries.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION
**(Municipal Liability for Unconstitutional Custom or Policy (Monell)–42 U.S.C. section 1983)**
*(Against Defendant CITY and DOES 26-50)*

24. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1-26 of this complaint.

25. Plaintiff is informed and believes and thereon alleges that high ranking CITY OF SAN JOSE officials, including Defendants, and DOES 26-50, and/or each of them, knew and/or reasonably should have known about acts of misconduct by Defendant, and DOES 1-25, and/or each of them.

26. At least two videos from different perspectives caught the incident that showed the egregious behavior by Defendant Vieira-Ribeiro of chasing down, hitting and running over Plaintiff then backing up over his body. Furthermore, Defendants first use of deadly force was excessive and his second use of deadly force (backing over Plaintiff's obviously crippled body) was likely criminal. Nevertheless, Defendant has not been re-trained or disciplined for explicit use of excessive and deadly force against an unarmed and incapacitated person. Furthermore, this incident is only the latest to a collection and trend of excessive and deadly force incidents committed by SJPD officers who are not facing any punishment as a result of their dangerous and unjustifiable actions. For example,

   a. In December 2018, SJD Police Officers shot and killed an unarmed woman that they mistook for criminal suspect despite the fact she offered no resistance or threat.[1]

   b. On July 4, 2016, SJD Police officers shot and killed a suicidal young man on his front porch after the young man had shot himself in the head. (Tony Nunez, et al. v. San Jose, et al; Northern District, Case No.: 5:17-cv-03860-LHK)

   c. In 2015, a jury awarded an $11.3 million verdict to Hung Lam because a jury found that a SJD Police Officer used excessive force when the officer shot Lam in the back

---

[1] https://www.nbcbayarea.com/news/local/San-Jose-Police-Shoot-Kill-Woman-After-Misidentifying-Her-as-Attempted-Murder-Suspect-503582441.html

and paralyzed him.[2]

27. Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants, and DOES 1-50, and/or each of them, encouraged these officers to continue their course of misconduct, resulting in the violation of Plaintiff's rights as alleged herein.

28. As against Defendant CITY OF SAN JOSE, Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the CITY OF SAN JOSE, Plaintiff further alleges that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of the CITY OF SAN JOSE POLICE DEPARTMENT tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens.

29. Plaintiff is informed and believes and thereon alleges that the acts and omissions alleged herein are the direct and proximate result of the deliberate indifference of Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the CITY OF SAN JOSE, and each of them, to repeated acts of misconduct, which were tacitly authorized, encouraged or condoned by the Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the CITY OF SAN JOSE, and each of them.

30. The injuries and damages to Plaintiff as alleged herein were the foreseeable and proximate result of said customs, policies, patterns and/or practices of Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the CITY OF SAN JOSE, and each of them.

31. Plaintiff is informed and believes and thereon alleges that the damages sustained as alleged herein were the direct and proximate result of municipal customs and/or policies of deliberate indifference in the training, supervision and/or discipline of members of the Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the CITY OF SAN

---

[2] https://www.nbcbayarea.com/news/local/Man-Shot-By-San-Jose-Police-Officer-Says-11-Million-Damage-Award-is-Fair-Verdict-363330331.html

JOSE.

32. Plaintiff is further informed and believes and upon such information and belief alleges that Plaintiff's damages and injuries were caused by customs, policies, patterns or practices of Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the CITY OF SAN JOSE, and each of them, of deliberate indifference in the training, supervision and/or discipline of Defendants, and DOES 1-50, and/or each of them.

33. The aforementioned customs, policies or practices of Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the CITY OF SAN JOSE, and each of them, resulted in the deprivation of Plaintiff's constitutional rights.

34. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking CITY OF SAN JOSE officials, including high ranking SAN JOSE POLICE DEPARTMENT supervisors, Defendants, and DOES 1-50, and each of them, and the aforementioned customs, policies or practices of Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the CITY OF SAN JOSE resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to, the following:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution;

b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution;

c. The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution.

35. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
**(Battery – Violation of CALIFORNIA PENAL CODE § 242)**
*(Against Defendant Vieira-Ribeiro and DOES 1-25)*

36. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 40 of this complaint.

37. Defendant, while working as a police officer for the CITY OF SAN JOSE, and acting within the course an scope of his duties, intentionally ran over Plaintiff twice with his police vehicle without a lawful basis.

38. As a result of the actions of this Defendant, Plaintiff suffered serious physical injuries. Defendant did not have legal justification for using force against Plaintiff, and Defendant's use of force while carrying out his police officer duties was an unreasonable use of force.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
### (Negligence)
*(Against Defendant Vieira-Ribeiro and DOES 1-25)*

39. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

40. At all times, Defendant owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

41. At all times, Defendant owed Plaintiff the duty to act with reasonable care.

42. These general duties of reasonable care and due care owed to Plaintiff by Defendant include but are not limited to the following specific obligations:

   a. to refrain from using excessive and/or unreasonable force against Plaintiff;

   b. to refrain from unreasonably creating the situation where force, including but not limited to excessive force, is used;

   c. to refrain from abusing their authority granted them by law;

   d. to refrain from violating Plaintiff's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

43. Defendant, through his acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff.

44. Defendant CITY OF SAN JOSE is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to Cal. Gov. Code section 815.2.

45. As a direct and proximate result of Defendant's negligence, Plaintiff sustained injuries and damages, and against each and every Defendant is entitled to relief as set forth above.

## SIXTH CAUSE OF ACTION
### (Violation of the Bane Act (Cal. Civ. Code § 52.1))
*(Against Defendant Vieira-Ribeiro and Does 1-50)*

46. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

47. Plaintiff brings this "Bane Act" claim individually for direct violation of his own rights.

48. By their conduct described herein, Defendant and Does 1-50, acting in concert/conspiracy, as described above, violated Plaintiff's rights under California Civil Code §52.1, and the following clearly-established rights under the United States Constitution and the California Constitution:

   a. Plaintiff's right to be free from unreasonable searches and seizures as secured by the Fourth Amendment to the United States Constitution and by Article I, § 13 of the California Constitution;

   b. Plaintiff's right to be free from excessive and unreasonable force in the course of arrest or detention, as secured by the Fourth Amendment to the United States Constitution and by Article 1, § 13 of the California Constitution;

49. Excessive force which violates the Fourth Amendment, also violates the Bane Act.[3] Defendant's use of unlawful force against Plaintiff., in and of itself, satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act.

---

[3] *See Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105 (9th Cir. May 19, 2014) (citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013)).

50. Further, any volitional violation of rights done with reckless disregard for those rights also satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act.[4] All of Defendant's violations of duties and rights were volitional, intentional acts, done with reckless disregard for Plaintiff's rights; none was accidental or merely negligent.

51. Alternatively, Defendant violated Plaintiff's rights by the following conduct constituting threat, intimidation, or coercion that was above and beyond any lawful seizure or use of force:

    a. Threatening Plaintiff in the absence of any threat presented by Plaintiff or any justification whatsoever;

    b. Using deliberately reckless and provocative tactics to apprehend Plaintiff in violation of generally accepted law enforcement training and standards, and in violation of Plaintiff's rights;

    c. Defendant ran over Plaintiff twice with his car in the absence of any threat or need for such force;

    d. Threatening violence against Plaintiff., with the apparent ability to carry out such threats, in violation of Civ. Code § 52.1(j);

    e. Using excessive, unreasonable and unjustified force against Plaintiff while he attempted to comply with the officers;

    f. Failing to intervene to stop, prevent, or report the unlawful seizure and use of excessive and unreasonable force by other officers;

    g. Violating multiple rights of Plaintiff;

52. Defendant CITY OF SAN JOSE is vicariously liable, pursuant to California Government Code § 815.2, for the violation of rights by its employees and agents.

53. As a direct and proximate result of Defendants' violation of California Civil Code §52.1 and of Plaintiff's rights under the United States and California Constitutions, Plaintiff

---

[4] *Cornell v. CITY OF SAN JOSE*, 17 Cal.App.5th 766, 801-02 (2017) (*review denied*).

sustained injuries and damages, and against all Defendants and is entitled to relief as set forth above, including punitive damages against Defendant and Does 1-50, and including all damages allowed by California Civil Code §§ 52, 52.1, and California law, not limited to costs, attorneys fees, treble damages, and civil penalties.

## JURY DEMAND

54. Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum to be proven at trial;
2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;
3. Declaratory and injunctive relief, including but not limited to the following:

   i. An order requiring Defendant CITY OF SAN JOSE to institute and enforce appropriate and lawful policies and procedures for operating body cameras;

   ii. an order prohibiting Defendant CITY OF SAN JOSE from engaging in the unconstitutional customs, policies, practices, procedures, training and supervision as may be determined and/or adjudged by this case;

   iii. an order requiring Defendant CITY OF SAN JOSE to institute and enforce appropriate and lawful policies and procedures for use of police vehicles in apprehension of a person;

   iv. an order prohibiting Defendant CITY OF SAN JOSE and their police officers from engaging in the "code of silence" as may be supported by the evidence in this case;

   v. an order requiring Defendant CITY OF SAN JOSE train all law enforcement officers concerning generally accepted and proper tactics

and procedures and this Court's orders concerning the issues raised in injunctive relief requests ii-v, above;

4. For punitive damages against Defendant Vieira Ribeiro and Does 1-50 in a sum according to proof;

5. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988; Cal. Civil Code §§ 52 et seq., 52.1, and as otherwise may be allowed by California and/or federal law;

6. For cost of suit herein incurred; and

7. For such other and further relief as the Court deems just and proper.

Dated: March 6, 2019                    **Law Offices of John L. Burris**

                /s/  Patrick M. Buelna
Patrick M. Buelna
Attorney for Plaintiff