UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDY MARTIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF SAN JOSE, et al.,<br><br>　　　　　Defendants. | Case No. 19-cv-01227-EMC<br><br>**AMENDED CASE MANAGEMENT AND PRETRIAL ORDER FOR JURY TRIAL** |

Pursuant to Federal Rule of Civil Procedure 16 and Civil Local Rule 16-10, THE FOLLOWING DEADLINES ARE HEREBY ORDERED:

1.　TRIAL DATE:　　　　　　　　　　Jury Selection: 5/21/2021, at 8:30 a.m.
　　　　　　　　　　　　　　　　　　　Jury Trial: 5/24/2021, at 8:30 a.m.
　　　　　　　　　　　　　　　　　　　Courtroom 5, 17th Floor
　　　　　　　　　　　　　　　　　　　Jury (x) or Court ( )

2.　TRIAL LENGTH:　　　　　　　　　Estimated 10 court days (typical court day for trial is 8:30 a.m. to 2:00 p.m.; **Thursdays are dark**)

3.　FINAL PRETRIAL CONFERENCE:　　4/27/2021, at 2:30 p.m.
　　　　　　　　　　　　　　　　　　　**LEAD COUNSEL WHO WILL TRY THE CASE MUST ATTEND.**

4.　DISPOSITIVE MOTIONS:　　　　　Last day to *file* dispositive motions n/a

　　　　　　　　　　　　　　　　　　　Last day to be *heard* n/a See Civil Local Rules for notice and filing requirements.

///

///

///

| | | | |
|---|---|---|---|
| 5. | NON-EXPERT DISCOVERY CUT-OFF: | n/a | |
| 6. | EXPERT REPORTS: | Opening reports by n/a | |
| | | Rebuttal reports by n/a | |
| 7. | EXPERT DISCOVERY CUT-OFF: | n/a | |
| 8. | DISCOVERY LIMITATIONS:<br>(F.R.C.P. applies unless otherwise indicated) | Prior to completion of ADR, each party is limited to: | |

Note:  Parties may proceed with depositions and written discovery in conformance with the Federal Rules of Civil Procedure.  Instead of filing formal discovery motions, parties shall refer to this Court's standing order to meet and confer and submit joint letter on unresolved issues to the Court for expedited resolution.

                    Interrogatories _____
                    Depositions _____
                    Document Requests _____
                    Requests for Admission _____

After ADR, each party is limited to: FRCP

                    Interrogatories _____
                    Depositions _____
                    Document Requests _____
                    Requests for Admission _____

9. ADR:              To be completed

                    Court-sponsored mediation _____
                    Court-sponsored ENE _____
                    Mag. Judge Settlement Conf. _____
                    Private mediation _____
                    Private arbitration _____
                    Other : _____

10. LAST DAY TO AMEND PLEADING:

11. FURTHER STATUS CONFERENCE:

United States District Court
Northern District of California

# PRETRIAL INSTRUCTIONS

A. **MEET AND CONFER**

At least forty-two (42) days prior to the final pretrial conference, lead counsel who will try the case shall meet and confer regarding the following:

1. Preparation and content of the joint pretrial conference statement, *see* Part B, *infra*;

2. Preparation and exchange of pretrial materials, *see* Part C, *infra*; and

3. Settlement of the action.

B. **JOINT PRETRIAL CONFERENCE STATEMENT**

At least twenty-one (21) days prior to the final pretrial conference, the parties shall file a joint pretrial conference statement. The statement shall contain the following information:

1. **The Action.**

   a. Substance of the Action. A brief description of the substance of claims and defenses which need to be decided.

   b. Relief Prayed. A statement of all relief sought, particularly itemizing all elements of damages claimed.

2. **Factual Basis of the Action.**

   a. Undisputed Facts. A list of all stipulated facts, *i.e.*, all facts parties to which the parties will stipulate to for incorporation into the trial record without the necessity of supporting testimony or exhibits.

   b. Disputed Factual Issues. A list of all factual issues that remain to be tried, stating the issues with the same generality/specificity as any contested elements in the relevant jury instructions and organized by counts.

3. **Disputed Legal Issues.** *Without extended legal argument*, a concise statement of each disputed point of law concerning liability or relief, citing supporting statutes and decisions.

4. **Estimate of Trial Time.** An estimate of the number of hours needed for the presentation of each party's case.

5. **Trial Alternatives and Options.**

  a. <u>Settlement Discussion</u>. A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

  b. <u>Consent to Trial Before a Magistrate Judge</u>. A statement whether reference of all or part of the action to a master or magistrate judge is feasible, including whether the parties consent to a court or jury trial before a magistrate judge, with appeal directly to the Ninth Circuit.

  c. <u>Amendments or Dismissals</u>. A statement of requested or proposed amendments to pleadings or dismissals of parties, claims, or defenses.

  d. <u>Bifurcation or Separate Trial of Issues</u>. A statement of whether bifurcation or a separate trial of specific issues is feasible and desired.

6. **Witnesses.** *The following information should be provided as an appendix to the joint pretrial conference statement.* For each party, a list of all witnesses likely to be called at trial, including those appearing by deposition. For each witness, there should be a short statement of the substance of his or her testimony and an estimate regarding the length of testimony (including direct and cross-examination). If the witness is an expert witness, the short statement should clearly state the expert's theories and conclusions and the bases therefor; in addition, the expert's curriculum vitae and report (if any) should be attached. If there are objections to a live witness's testimony, whether in whole or in part, that objection should be raised through a motion in limine. For objections to deposition testimony, *see* Part B.8, *infra*.

7. **Exhibits.** *The following information should be provided as an appendix to the joint pretrial conference statement.* A *joint* exhibit list in tabular form, with (a) a column that briefly describes the exhibit; (b) a column that describes for what purpose the party will offer the exhibit and identifies its sponsoring witness; (c) a column that states any objections to the exhibit; (d) a column that briefly responds to the objections; and (e) a blank column for the Court's use. Before this list is

filed with the Court, the parties shall meet and confer, in person, to consider exhibit numbers, to eliminate duplicate exhibits and confusion over exhibits, and to make a good faith effort to stipulate to admissibility. If stipulation is not possible, the parties shall make every effort to stipulate to authenticity and foundation absent a legitimate (not tactical) objection. In addition to the above, a *joint* statement in which each party identifies fifteen (15) of the opposing party's exhibits for which the identifying party seeks rulings on objections *in advance* of trial. A party may identify, *e.g.*, an exhibit that it believes is critical to the case (if admitted or if not admitted) or an exhibit that it believes is representative of other exhibits such that the identified exhibit will provide a bellwether as to how the Court will rule on other exhibits.

8. **Use of Discovery Responses.** *The following information should be provided as an appendix to the joint pretrial conference statement.* Excerpts of interrogatory responses, responses to requests for admission, and deposition testimony (with specific line references identified) that each party intends to present at trial. If there are objections to the use of written responses, the parties should include a joint memorandum that briefly states the objecting party's objection and the opposing party's response. If there is an objection to the general subject matter of a deponent's testimony, the objection should be made through a motion in limine. If specific objections were made during the deposition that are still in need of a Court ruling, the parties should include a joint memorandum that identifies the deposition testimony at issue and that briefly states the objecting party's objection (including any counter-designation) and the opposing party's response (including any counter-designation). The Court expects the parties to meet and confer in good faith in the attempt to resolve those specific objections regarding deposition testimony before any memorandum regarding objections are filed.

C. **PRETRIAL MATERIALS**

At least twenty-one (21) days prior to the final pretrial conference, the parties shall file the

following pretrial materials.

**1.     Motions in Limine.**  The following procedure should be used with respect to motions in limine.  At least thirty-two (32) days before the pretrial conference, serve – but do not file – the moving papers.  At least twenty-five (25) days before the conference, serve – but do not file – the oppositions.  When the oppositions are received, the moving party should collate the motion and opposition together, back to back, and then file the paired sets (each under separate cover) at least twenty-one (21) days prior to the conference.

Each motion in limine should address a single topic and contain no more than seven pages of briefing per side.  Reply briefs are not permitted.  Usually, each party or side should not need to file more than five motions in limine.  Each party shall number its motions in limine in order of importance, the first being the most important.

**2.     Preliminary Statement to the Jury.**  In a jury trial, the parties shall provide a simplified statement of the case to be read to the jury during voir dire and as a part of the proposed jury instructions.  Unless the case is extremely complex, this statement should not exceed one paragraph.

**3.     Jury Instructions.**  In a jury trial, a *joint* set of proposed jury instructions on substantive issues of law, arranged in a logical sequence.

If undisputed, an instruction shall be identified as "Stipulated Instruction No. ____ re _____," with the blanks filled in as appropriate.  Even if stipulated, the instruction shall be supported by citation.

If disputed, each version of the instruction shall be inserted together, back to back, in their logical place in the overall sequence.  A disputed instruction shall be identified as "Disputed Instruction No. ____ re _____ offered by _____," with the blanks filled in as appropriate.  All disputed versions of the same basic instruction shall bear the same number.  If a party does not have a counter-version and simply contends that no such instruction in any version should be given, then that party should so state on a separate page inserted in lieu of an alternate version.  Each party should support its version of a disputed instruction, and/or oppose the version offered by the opposing party, with a brief argument and citation to any relevant

authority. The argument and citation should be provided immediately following the disputed instructions. The parties are encouraged to keep disputed instructions to a minimum.

Finally, absent objection, the Court shall give the following jury instructions from the Ninth Circuit Manual of Model Civil Jury Instructions (2017 ed.): 1.3-1.5, 1.9-1.15, 1.17-1.18, 1.20-1.21, 3.1-3.3, 3.5.

**4. Voir Dire.** In a jury trial, the Court will conduct a voir dire based on the attached (or a similar) questions/subjects. Counsel may also submit for the Court's consideration an *agreed upon* set of additional voir dire questions to be posed by the Court. Any voir dire questions on which counsel cannot agree may be submitted separately. Counsel will be allowed a brief (15 minutes) follow-up voir dire after the Court's questioning.

**5. Verdict Form.** In a jury trial, the parties shall submit a *joint* proposed verdict form. If the parties are unable to stipulate to a verdict form, then each party or side shall submit a proposed verdict form.

**6. Proposed Findings of Fact and Conclusions of Law.** In a bench trial, each party or side shall submit proposed findings of fact and conclusions of law.

**7. Exhibits.** The parties shall submit *two* sets of all exhibits. Exhibits are not to be filed but rather shall be submitted to chambers. *Exhibits must be premarked. In addition, one set of exhibits must be tagged.* Exhibits shall be three-hole punched and shall be submitted in binders. Sample tags may be obtained from the Courtroom Deputy and are attached as Exhibit A hereto.

**8. Trial Brief.** Each party shall submit a trial brief not to exceed 15 pages absent court order. A trial brief is most helpful to the Court when it: (1) summarizes the party's theory of the case, (2) identifies key evidence, and (3) provides summary briefing on any controlling issues of law.

Dated: 2/24/2021

_____
EDWARD M. CHEN
United States District Judge

**JUROR QUESTIONNAIRE**

1. Name.
2. City of residence.
3. Occupational status.
4. Educational background.
5. Organizations.
6. Hobbies.
7. Marital status.
8. Spouse's occupation.
9. Children (including ages).
10. If a juror on another case.
11. If ever a grand juror.
12. If ever in the military.

# EXHIBIT A

| UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA |
|---|---|---|
| Case Number: | Case Number: | Case Number: |
| PLTF / DEFT EXHIBIT NO._____ | PLTF / DEFT EXHIBIT NO._____ | PLTF / DEFT EXHIBIT NO._____ |
| Date Admitted:_____ | Date Admitted:_____ | Date Admitted:_____ |
| By:_____ | By:_____ | By:_____ |
| Angella Meuleman, Deputy Clerk | Angella Meuleman, Deputy Clerk | Angella Meuleman, Deputy Clerk |
| UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA |
| Case Number: | Case Number: | Case Number: |
| PLTF / DEFT EXHIBIT NO._____ | PLTF / DEFT EXHIBIT NO._____ | PLTF / DEFT EXHIBIT NO._____ |
| Date Admitted:_____ | Date Admitted:_____ | Date Admitted:_____ |
| By:_____ | By:_____ | By:_____ |
| Angella Meuleman, Deputy Clerk | Angella Meuleman, Deputy Clerk | Angella Meuleman, Deputy Clerk |
| UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA |
| Case Number: | Case Number: | Case Number: |
| PLTF / DEFT EXHIBIT NO._____ | PLTF / DEFT EXHIBIT NO._____ | PLTF / DEFT EXHIBIT NO._____ |
| Date Admitted:_____ | Date Admitted:_____ | Date Admitted:_____ |
| By:_____ | By:_____ | By:_____ |
| Angella Meuleman, Deputy Clerk | Angella Meuleman, Deputy Clerk | Angella Meuleman, Deputy Clerk |