UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDY MARTIN,

               Plaintiff,

    v.

CITY OF SAN JOSE, et al.,

               Defendants.

Case No. 19-cv-01227-EMC

**ORDER RE COURT'S PROPOSED JURY INSTRUCTIONS**

       The Court's proposed jury instructions are reproduced below. The Court intends to give these instructions subject to modifications based on evidence and developments at trial. Any objections are due by 12:00 Noon on Friday, May 7, 2021.

       **IT IS SO ORDERED**.

Dated: May 3, 2021

_____
EDWARD M. CHEN
United States District Judge

**PRELIMINARY JURY INSTRUCTIONS**

**(GIVEN AT THE BEGINNING OF TRIAL)**


**JURY INSTRUCTION NO. _____ [1.3]**

**DUTY OF JURY**

**(COURT READS INSTRUCTIONS AT THE BEGINNING OF TRIAL BUT DOES**

**NOT PROVIDE WRITTEN COPIES)**

Jurors:  You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions.  At the end of the trial, I will give you more detailed instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not.  You must decide the case solely on the evidence and the law before you.

Perform these duties fairly and impartially.  You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

Do not be afraid to examine any assumptions you or other jurors have made which are not based on the evidence presented at trial.  Please do not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be – that is entirely up to you.


*Court Notes: 9th Cir. Model Civil Jury Instruction No. 1.3 (modified by the Court).*

**JURY INSTRUCTION NO. \_\_\_\_ [1.5]**

**CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff asserts the following claims:

(1) Excessive force in violation of 42 U.S.C. § 1983. This claim has been asserted against Officer Ribeiro only.

(2) Excessive force in violation of the Bane Act. This claim has been asserted against the City only.

(3) Negligence. This claim has been asserted against the City only.

The claims against the City are based on the acts or omissions of Officer Ribeiro. That is, the City is responsible for harm caused by the wrongful conduct of Officer Ribeiro while acting within the scope of his employment.

The plaintiff has the burden of proving his claims.

Defendants deny these claims.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 1.5; CACI 3700. The parties stipulated to an instruction, but the Court has modified the stipulated instruction.*

*The Court also notes as follows for the parties' consideration: As a practical matter, the § 1983 and Bane Act claims are nearly duplicative in terms of substantive violations. Although the former is asserted against the officer and the latter against the City, the parties could agree to simplify the instructions by: (1) submitting to the jury the § 1983 claim against the officer, but not the Bane Act claim against the City, and (2) agreeing in advance that whatever happens with the § 1983 claim dictates what happens with the Bane Act claim against the City. The parties are directed to meet and confer and determine whether an agreement can be reached on this proposal.*

*The Court notes that Mr. Martin does not make any assertion that a claim for excessive force under the U.S. Constitution differs from a claim for excessive force under the California Constitution. See Compl. ¶ 48 (referencing "Plaintiff's right to be free from excessive and*

unreasonable force in the course of arrest or detention, as secured by the Fourth Amendment to the United States Constitution and by Article 1, § 13 of the California Constitution").

To the extent he may argue that a Bane Act claim can be based on reckless disregard, reckless disregard is encompassed by the element of specific intent. See People v. Lashley, 1 Cal. App. 4th 938 (1991), wherein the court stated:

> "specific intent" . . . does not require an actual awareness on the part of the defendant that he is violating another's constitutional rights. It is enough that he engages in activity that interferes with rights clearly and specifically protected by the laws of the United States.

> [There are] two requirements for a finding of 'specific intent' . . . . The first is a purely legal determination. Is the . . . right at issue clearly delineated and plainly applicable under the circumstances of the case? If the trial judge concludes that it is, then the jury must make the second, factual, determination. Did the defendant commit the act in question with the particular purpose of depriving the citizen victim of his enjoyment of the interests protected by that . . . right? If both requirements are met, even if the defendant did not in fact recognize the [unlawfulness] of his act, he will be adjudged as a matter of law to have acted 'willfully' – i.e., 'in reckless disregard of constitutional [or statutory] prohibitions or guarantees.'"

Id. at 948-49 (emphasis added; relying on, inter alia, Screws v. United States, 325 U.S. 91, 104-05 (1945)); see also Screws, 325 U.S. at 104-05 (stating that "the specific intent required . . . is an intent to deprive a person of a right which has been made specific either by the express terms of the Constitution or laws of the United States or by decisions interpreting them"; when the violator "act[s] willfully in the sense in which we use the word, [he] act[s] in open defiance or in reckless disregard of a constitutional requirement which has been made specific and definite").

**JURY INSTRUCTION NO. _____ [1.6]**

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 1.6.*

**JURY INSTRUCTION NO. _____ [1.7]**

**BURDEN OF PROOF – CLEAR AND CONVINCING EVIDENCE**

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 1.7.*

*Although the parties stipulated to this instruction, it appears that the parties included this instruction because of punitive damages under state law. The instruction may not be needed. State claims (violation of the Bane Act and negligence) are asserted against the City only, and punitive damages may not be available against the City because it is a public entity. Although Mr. Martin can seek punitive damages against Officer Ribeiro for the § 1983 claim, that is subject to a different standard – preponderance of the evidence. See infra (9th Cir. Model Civil Jury Instruction No. 5.5).*

**JURY INSTRUCTION NO. _____ [1.8]**

**TWO OR MORE PARTIES – DIFFERENT LEGAL RIGHTS**

You should decide the case as to each party separately.  Unless otherwise stated, the instructions apply to all parties.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 1.8.*

*The parties stipulated to this instruction.  But since there is no Monell claim, the instruction may not be necessary.  The parties to meet and confer and resolve.*

**JURY INSTRUCTION NO. _____ [1.9]**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits that are admitted into evidence;

(3) any facts to which the lawyers have agreed; and

(4) any facts that I may instruct you to accept as proved.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 1.9.*

**JURY INSTRUCTION NO. _____ [1.10]**

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.


*Court Notes: 9th Cir. Model Civil Jury Instruction No. 1.10.*

**JURY INSTRUCTION NO. _____ [1.11]**

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 1.11.*

United States District Court
Northern District of California

**JURY INSTRUCTION NO. _____ [1.12]**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 1.12. The Court has added the example (also from the Model Civil Jury Instructions) as it may be helpful to the jury.*

**JURY INSTRUCTION NO. _____ [1.13]**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 1.13.*

**JURY INSTRUCTION NO. _____ [1.14]**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much

weight you think their testimony deserves.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 1.14 (modified by the Court).*

**JURY INSTRUCTION NO. ____ [1.15]**

**CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

> Because you will receive all the evidence and legal

1  instruction you properly may consider to return a verdict: do not

2  read, watch or listen to any news or media accounts or commentary

3  about the case or anything to do with it[,although I have no

4  information that there will be news reports about this case]; do not

5  do any research, such as consulting dictionaries, searching the

6  Internet, or using other reference materials; and do not make any

7  investigation or in any other way try to learn about the case on your

8  own.  Do not visit or view any place discussed in this case, and do

9  not use Internet programs or other devices to search for or view any

10  place discussed during the trial.  Also, do not do any research about

11  this case, the law, or the people involved – including the parties, the

12  witnesses or the lawyers – until you have been excused as jurors.  If

13  you happen to read or hear anything touching on this case in the

14  media, turn away and report it to me as soon as possible.

15  These rules protect each party's right to have this case decided only on evidence that has

16  been presented here in court.  Witnesses here in court take an oath to tell the truth, and the

17  accuracy of their testimony is tested through the trial process.  If you do any research or

18  investigation outside the courtroom, or gain any information through improper communications,

19  then your verdict may be influenced by inaccurate, incomplete or misleading information that has

20  not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial

21  jury, and if you decide the case based on information not presented in court, you will have denied

22  the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very

23  important that you follow these rules.

24  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a

25  mistrial could result that would require the entire trial process to start over.  If any juror is exposed

26  to any outside information, please notify the court immediately.

27

28  *Court Notes: 9th Cir. Model Civil Jury Instruction No. 1.15.*

**JURY INSTRUCTION NO. _____ [1.16]**

**PUBLICITY DURING TRIAL**

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 1.16.*

**JURY INSTRUCTION NO. \_\_\_\_ [1.17]**

**NO TRANSCRIPT AVAILABLE TO JURY**

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 1.17.*

**JURY INSTRUCTION NO. _____ [1.18]**

**TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the jury room. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 1.18.*

**JURY INSTRUCTION NO. _____ [1.20]**

**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 1.20.*

United States District Court
Northern District of California

**JURY INSTRUCTION NO. \_\_\_\_ [1.21]**

**OUTLINE OF TRIAL**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 1.21.*

# INSTRUCTIONS DURING TRIAL

**JURY INSTRUCTION NO. \_\_\_\_ [2.2]**

**STIPULATIONS OF FACT**

The parties have agreed to certain facts (listed below).  You must therefore treat these facts as having been proved.

(1) Officer Ribeiro was employed as City of San Jose police officer and was acting under the color of the law at the time of the incident.

(2) The incident took place on May 2, 2018.

(3) The plaintiff suffered injuries to his pelvic and right ankle areas.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 2.2.  The parties have modified this instruction.  The Court has also modified this instruction based on statements made in the parties' Joint Pretrial Conference Statement (page 4).*

*The Court notes that Defendants have offered additional stipulated facts.  See Jt. Prop. Jury Instructions at 22.  The parties are directed to meet and confer to see if they can reach agreement on any of Defendants' proposed stipulated facts.  At least several of these facts seem uncontroversial (e.g., (2), (4), and (8)).*

**JURY INSTRUCTION NO. _____ [2.5]**

**TRANSCRIPT OF RECORDING IN ENGLISH**

You [are about to [hear] [watch]] [have heard] [watched]] a recording that has been received in evidence. [Please listen to it very carefully.] Each of you [has been] [was] given a transcript of the recording to help you identify speakers and as a guide to help you listen to the recording. However, bear in mind that the recording is the evidence, not the transcript. If you [hear] [heard] something different from what [appears] [appeared] in the transcript, what you heard is controlling. [After] [Now that] the recording has been played, the transcript will be taken from you.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. _____ [2.5].*

**JURY INSTRUCTION NO. _____ [2.13]**

**EXPERT OPINION**

You [have heard] [are about to hear] testimony from [name] who [testified] [will testify] to opinions and the reasons for [his] [her] opinions.  This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 2.13.*

**JURY INSTRUCTION NO. _____ [2.14]**

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not admitted into evidence [may be] [have been] shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 2.14.*

**JURY INSTRUCTION NO. _____ [2.16]**

**EVIDENCE IN ELECTRONIC FORMAT**

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the Courtroom Deputy. If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the Courtroom Deputy, signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the Courtroom Deputy present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data [disk] from the jury room, and do not copy any such data.

*Court Notes:  9th Cir. Model Civil Jury Instruction No. 2.16.*

**FINAL JURY INSTRUCTIONS**

**(GIVEN AT THE END OF THE CASE)**

**JURY INSTRUCTION NO. _____ [1.4]**

**1.4 DUTY OF JURY (COURT READS AND PROVIDES**

**WRITTEN INSTRUCTIONS AT END OF CASE)**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, opinions, prejudices, sympathy, or bias, including unconscious biases, influence you. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions. You should also not be influenced by any person's race, color, religion, national ancestry, or gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community. Do not be afraid to examine any assumptions you or other jurors have made which are not based on the evidence presented at trial. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return – that is a matter entirely up to you.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 1.4 (modified by the Court).*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. _____ [1.9]**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits that are admitted into evidence;

(3) any facts to which the lawyers have agreed; and

(4) any facts that I have instructed you to accept as proved.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 1.9.*

**JURY INSTRUCTION NO. \_\_\_\_ [1.10]**

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 1.10.*

1

**JURY INSTRUCTION NO. _____ [1.12]**

2

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

3       Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as

4 testimony by a witness about what that witness personally saw or heard or did. Circumstantial

5 evidence is proof of one or more facts from which you could find another fact. You should

6 consider both kinds of evidence. The law makes no distinction between the weight to be given to

7 either direct or circumstantial evidence. It is for you to decide how much weight to give to any

8 evidence.

9

10       *Court Notes: 9th Cir. Model Civil Jury Instruction No. 1.12.*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. _____ [1.14]**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Your evaluation of witness testimony should not be influenced by any prejudice or bias, including unconscious bias.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 1.14 (modified by the Court).*

1

**JURY INSTRUCTION NO. \_\_\_\_ [2.2]**

2

**STIPULATIONS OF FACT**

3      The parties have agreed to certain facts (listed below).  You must therefore treat these facts

4   as having been proved.

5      (1)  Officer Ribeiro was employed as City of San Jose police officer and was acting under

6           the color of the law at the time of the incident.

7      (2)  The incident took place on May 2, 2018.

8      (3)  The plaintiff suffered injuries to his pelvic and right ankle areas.

9

10      *Court Notes: 9th Cir. Model Civil Jury Instruction No. 2.2.  The parties have modified this*

11   *instruction.  The Court has also modified this instruction based on statements made in the parties'*

12   *Joint Pretrial Conference Statement (page 4).*

13      *The Court notes that Defendants have offered additional stipulated facts.  See Jt. Prop.*

14   *Jury Instructions at 22.  The parties are directed to meet and confer to see if they can reach*

15   *agreement on any of Defendants' proposed stipulated facts.  At least several of these facts seem*

16   *uncontroversial (e.g., (2), (4), and (8)).*

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. _____ [2.13]**

**EXPERT OPINION**

You have heard testimony from expert witnesses who testified to opinions and the reasons for his or her opinions.  This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 2.13.*

United States District Court
Northern District of California

**JURY INSTRUCTION NO. \_\_\_\_ [2.14]**

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 2.14.*

**JURY INSTRUCTION NO. \_\_\_\_ [2.16]**

**EVIDENCE IN ELECTRONIC FORMAT**

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room.  A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits.  You will also be provided with a paper list of all exhibits received in evidence.  You may request a paper copy of any exhibit received in evidence by sending a note through the Courtroom Deputy.  If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the Courtroom Deputy, signed by your foreperson or by one or more members of the jury.  Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the Courtroom Deputy present for the sole purpose of assuring that the only matter that is discussed is the technical problem.  When the court technician or any nonjuror is in the jury room, the jury shall not deliberate.  No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment.  Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case.  You may not use the computer for any other purpose.  At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials.  If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials.  Do not remove the computer or any electronic data [disk] from the jury room, and do not copy any such data.

1

2 *Court Notes: 9th Cir. Model Civil Jury Instruction No. 2.16.*

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. \_\_\_\_**

**PLAINTIFF'S CLAIMS**

The plaintiff has asserted the following claims:

(1) Excessive force in violation of the 42 U.S.C. § 1983.  This claim has been asserted

against Officer Ribeiro only.

(2) Excessive force in violation of the Bane Act.  This claim has been asserted against the

City only.

(3) Negligence.  This claim has been asserted against the City only.

The claims against the City are based on the acts or omissions of Officer Ribeiro.  That is, the City is responsible for any harm caused by the conduct of Officer Ribeiro while acting within the scope of his employment.


*Court Notes: The Court has proposed this "roadmap" instruction to assist the jury.  It is largely the same as one of the preliminary instructions given to the jury.*

**JURY INSTRUCTION NO. _____ [9.1]**

**SECTION 1983 CLAIM – INTRODUCTORY INSTRUCTION**

The plaintiff's first claim is brought under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 9.1. The Court has modified this instruction slightly.*

**JURY INSTRUCTION NO. _____ [9.3]**

**SECTION 1983 CLAIM – ELEMENTS AND BURDEN OF PROOF**

In order to prevail on his § 1983 claim against the defendant Officer Ribeiro, the plaintiff must prove each of the following elements by a preponderance of the evidence:

(1) the defendant acted under color of state law;

(2) the acts or failure to act of the defendant deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions; and

(3) the deprivation caused injury or damage to the plaintiff.  Causation exists where the deprivation was a substantial factor in producing the plaintiff's injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The parties have stipulated that the defendant acted under color of state law.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements his is required to prove under Instruction[s] [specify the instruction[s] that deal with the particular right[s]], your verdict should be for the plaintiff.  If, on the other hand, you find that the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.


*Court Notes: 9th Cir. Model Civil Jury Instruction No. 9.3 (modified by the Court).*

*Neither party proposed this instruction, but it seems necessary – it sets the framework. For the Court's modification (element (3) above), see the note below.*

United States District Court
Northern District of California

**JURY INSTRUCTION NO. _____ [9.2]**

**SECTION 1983 CLAIM – CAUSATION**

[Separate instruction on causation unnecessary.]


*Court Notes: 9th Cir. Model Civil Jury Instruction No. 9.2, comment.*

*The Court has folded causation into the instruction above (No. 9.3) and included use of the phrase "substantial factor" (both parties have used that phrase in their respective proposed instructions). See also Harper v. City of L.A., 533 F.3d 1010, 1026 (9th Cir. 2008) ("The jury was instructed that proximate cause exists where 'an act or omission played a substantial part in bringing about or actually causing the injury or damage to plaintiffs,' and the jury determined that the City's policy, which violated the Officers' constitutional rights, caused their damages. There is substantial evidence to support the jury's verdict."); Naucke v. City of Park Hills, 284 F.3d 923, 928 (8th Cir. 2002) ("'It is enough that the defendant's fault was a substantial factor in producing the plaintiff's injuries, and the defendant's fault need not be the sole proximate cause in order to allow recovery.'").*

**JURY INSTRUCTION NO. _____ [9.20]**

**SECTION 1983 CLAIM – PARTICULAR RIGHTS – FOURTH AMENDMENT –**

**UNREASONABLE SEIZURE OF PERSON**

As previously explained, the plaintiff has the burden of proving that the acts of the defendant deprived the plaintiff of particular rights under the United States Constitution. In this case, the plaintiff alleges the defendant deprived the plaintiff of his rights under the Fourth Amendment to the Constitution when the defendant hit and/or backed over the plaintiff. The defendant admits that he hit the plaintiff but denies that he intentionally hit the plaintiff; the defendant disputes that he backed over the plaintiff.

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of his person. In order to prove the defendant deprived the plaintiff of this Fourth Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

(1) Officer Ribeiro seized the plaintiff's person;

(2) in seizing the plaintiff's person, Officer Ribeiro acted intentionally; and

(3) the seizure was unreasonable.

A defendant "seizes" the plaintiff's person when he restrains the plaintiff's liberty through coercion, physical force or a show of authority.

A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct. Therefore, the plaintiff must prove that the defendant intended to hit and/or back over the plaintiff. It is not enough to prove that the defendant negligently or accidentally engaged in that action. But while the plaintiff must prove that the defendant intended to act, the plaintiff need not prove that the defendant intended to violate the plaintiff's Fourth Amendment rights.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 9.20. The Court has modified this instruction.*

*Neither party has proposed this instruction. However, the Ninth Circuit instructs that, in*

*an excessive force case, this instruction (along with No. 9.25, see infra) should be given.*

*Defendants have asked for instructions on (1) negligence being insufficient for a § 1983 violation,*

*see Jt. Prop. Jury Instructions at 66, and on (2) accidents being insufficient for a seizure.  See Jt.*

*Prop. Jury Instructions at 68.  These instructions are unnecessary as the Court includes the*

*instruction above.*

**JURY INSTRUCTION NO. ____ [9.25]**

**SECTION 1983 CLAIM – PARTICULAR RIGHTS – FOURTH AMENDMENT –**

**UNREASONABLE SEIZURE OF PERSON – EXCESSIVE FORCE**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest or in defending himself or others or in attempting to stop a fleeing or escaping suspect. Therefore, to establish an unreasonable seizure in this case, the plaintiff must prove by a preponderance of the evidence that the officer used excessive force when he hit and/or backed over the plaintiff. As noted above, the defendant admits that he hit the plaintiff but denies that he intentionally hit the plaintiff; the defendant disputes that he backed over the plaintiff.

Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether the officer used excessive force in this case, consider all of the circumstances known to the officer on the scene, including:

(1) the nature of the crime or other circumstances known to the officer at the time force was applied;

(2) whether the plaintiff posed an immediate threat to the safety of the officer or to others;

(3) whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;

(4) the amount of time the officer had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

(5) the type and amount of force used;

(6) the availability of alternative methods to take the plaintiff into custody or to subdue the plaintiff;

(7) the number of lives at risk (motorists, pedestrians, police officers) and the parties'

45

1    relative culpability; i.e., which party created the dangerous situation, and which party is

2        more innocent;

3    (8) whether it was practical for the officer to give warning of the imminent use of force,

4        and whether such warning was given;

5    (9) ~~whether the officer[s] [was] [were] responding to a domestic violence disturbance;~~

6    (10)   ~~whether it should have been apparent to the officer[s] that the person [he] [she]~~

7        ~~[they] used force against was emotionally disturbed;~~

8    (11)   whether a reasonable officer would have or should have accurately perceived a

9        mistaken fact; and

10   (12)   whether there was probable cause for a reasonable officer to believe that the

11       suspect had committed a crime involving the infliction or threatened infliction of

12       serious physical harm; and

13   (13)   whether there were opportunities to de-escalate the situation and use verbal

14       commands.

15   "Probable cause" exists when, under all of the circumstances known to the officer[s] at the

16   time, an objectively reasonable police officer would conclude there is a fair probability that the

17   plaintiff has committed or was committing a crime.

18

19       *Court Notes: 9th Cir. Model Civil Jury Instruction No. 9.25. The Court has modified this*

20   *instruction, including but not limited to striking factors (9) and (10) above as they are not relevant*

21   *in the instant case. The parties have stipulated to the addition of factor (13) above. (The model*

22   *instruction contemplates that "other factors particular to the case" may be added to the*

23   *instruction. 9th Cir. Model Civil Jury Instruction No. 9.25.)*

24       *Mr. Martin has suggested that an additional factor be included: "whether the plaintiff was*

25   *surrounded and/or outnumbered." This factor is unnecessary as it is already subsumed within*

26   *factor (2) above.*

27       *Defendants have suggested that the following additional factors be included: "whether the*

28   *officer had received training to prevent similar incidents from occurring and whether the officer*

46

acted in accordance with that training"; "whether the suspect's conduct 'heightened the officer's sense of danger'"; "whether the suspect's conduct 'caused the officer to act with undue haste and inconsistently with [his] training"; and "whether the officer made an honest mistake in the course of making an arrest." But similar to above, most of these factors are unnecessary as they are already subsumed within other factors above (e.g., (2), (4), (6), and (7)). The Court shall not include reference to an "honest mistake" because, although *Torres v. City of Madera*, 524 F.3d 1053 (9th Cir. 2008), used that language, that was because, in *Torres*, there was "no question" that the officer had "intended to draw her Taser but mistakenly drew her Glock." *Id.* at 1056 (adding that, under these circumstances, "the relevant inquiry was whether the officer's mistake in using the Glock rather than the Taser was objectively unreasonable"). Here, whether Officer Ribeiro accidentally hit Mr. Martin is hotly contested.

   Finally, the Court notes that Mr. Martin requested a specific instruction on deadly force be given. However, such an instruction is not warranted under current Ninth Circuit authority. In *Acosta v. Hill*, 504 F.3d 1323, 1324 (9th Cir. 2007*), the court noted, "We had previously held that '[a]n excessive force instruction is not a substitute for a . . . deadly force instruction.' *Monroe v. City of Phoenix*, 248 F.3d 851, 859 (9th Cir. 2001). We reached this conclusion based on the observation that 'the Supreme Court . . . established a special rule concerning deadly force.' *Id.* at 860 (quoting *Vera Cruz v. City of Escondido*, 139 F.3d 659, 661 (9th Cir. 1997)). *Scott* explicitly contradicts that observation. 127 S. Ct. at 1777-78. *Scott* controls because it is 'intervening Supreme Court authority' that is 'clearly irreconcilable with our prior circuit authority.' *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc). *Monroe's* holding that an excessive force instruction based on the Fourth Amendment's reasonableness standard is not a substitute for a deadly force instruction is therefore overruled." In *Lam v. City of San Jose*, 869 F.3d 1077, 1086-87 (9th Cir. 2017), the court explained, "[T]he Supreme Court's more recent decision in *Scott v. Harris* rejected the view that *Garner* created a special rule in deadly force cases. *See* 550 U.S. 372, 382 (2007). In *Scott*, the plaintiff argued that the preconditions set forth in *Garner* (including whether the suspect posed an immediate threat of serious physical harm to the officer or others) should determine whether the use of deadly force was appropriate. *Id.* at

United States District Court
Northern District of California

*381-82. The Supreme Court rejected that approach, reasoning, 'Garner did not establish a magical on/off switch that triggers rigid preconditions whenever an officer's actions constitute "deadly force."' Id. at 382. Rather, the Court explained, 'Garner was simply an application of the Fourth Amendment's "reasonableness" test to the use of a particular type of force in a particular situation.' Id. (internal citation omitted). [¶] We have since recognized that Scott overruled our prior precedent and district courts are no longer required to give a separate deadly force instruction. See Acosta, 504 F.3d at 1324. Therefore, Officer West's argument that the district court was required to give a separate deadly force instruction fails as a matter of law."*

**BANE ACT CLAIM – ESSENTIAL FACTUAL ELEMENTS (CAL. CIV. CODE §
52.1)**

In his Bane Act claim, the plaintiff claims that Officer Ribeiro intentionally interfered
with, or attempted to interfere with, his civil rights by threats, intimidation, or coercion.  To
establish this claim, the plaintiff must prove all of the following:

1. That by threats, intimidation or coercion, Officer Ribeiro interfered with, or attempted to
interfere with, the plaintiff's right to be free from excessive force;

2. That Officer Ribeiro intended to deprive the plaintiff of his enjoyment of the interests
protected by the right to be free from excessive force;

3. That the plaintiff was harmed; and

4. That Officer Ribeiro's conduct was a substantial factor in causing the plaintiff's harm.

The Bane Act claim is asserted against the City only.  However, in assessing whether the
City is liable, you must consider Officer Ribeiro's actions as an employee of the City.


*Court Notes: CACI 3066 (modified by the Court).*

*The Court has modified CACI 3066 (in particular, element (1)) because its language did
not lend itself to the circumstances of the instant case.  The Court modified element (1), bearing in
mind that California Civil Code § 52.1 provides, in relevant part, as follows:*

> *(b)*      *If a person or persons, whether or not acting under color of
> law, interferes by threat, intimidation, or coercion, or
> attempts to interfere by threat, intimidation, or coercion,
> with the exercise or enjoyment by any individual or
> individuals of rights secured by the Constitution or laws of
> the United States, or of the rights secured by the Constitution
> or laws of this state, the Attorney General, or any district
> attorney or city attorney may bring a civil action for
> injunctive and other appropriate equitable relief in the name
> of the people of the State of California, in order to protect
> the peaceable exercise or enjoyment of the right or rights
> secured. . . .*

> *(c)*      *Any individual whose exercise or enjoyment of rights
> secured by the Constitution or laws of the United States, or
> of rights secured by the Constitution or laws of this state, has
> been interfered with, or attempted to be interfered with, as*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*described in subdivision (a), may institute and prosecute in his or her own name and on his or her own behalf a civil action for damages, including, but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the right or rights secured, including appropriate equitable and declaratory relief to eliminate a pattern or practice of conduct as described in subdivision (a).*

**JURY INSTRUCTION NO. \_\_\_\_ [440]**

**NEGLIGENCE CLAIM – UNREASONABLE FORCE BY LAW ENFORCEMENT**

**OFFICER IN ARREST OR OTHER SEIZURE – ESSENTIAL FACTUAL ELEMENTS**

A law enforcement officer may use reasonable force to arrest/detain a person when the officer has reasonable cause to believe that that person has committed or is committing a crime. However, the officer may use only that degree of force necessary to accomplish the arrest/detention.

In his negligence, claim, the plaintiff claims that Officer Ribeiro used unreasonable force in arresting/detaining him. To establish this claim, the plaintiff must prove all of the following:

(1) That Officer Ribeiro used force in arresting/detaining the plaintiff;

(2) That the amount of force used by Officer Ribeiro was unreasonable;

(3) That the plaintiff was harmed; and

(4) That Officer Ribeiro's use of unreasonable force was a substantial factor in causing the plaintiff's harm.

In deciding whether Officer Ribeiro used unreasonable force, you must consider the totality of the circumstances of the arrest/detention and determine what force a reasonable police officer in Officer Ribeiro's position would have used under the same or similar circumstances. "Totality of the circumstances" means all facts known to the officer at the time, including the conduct of Officer Ribeiro and the plaintiff leading up to the use of force. Among the factors to be considered are the following:

(a) Whether the plaintiff reasonably appeared to pose an immediate threat to the safety of Officer Ribeiro or others;

(b) The seriousness of the crime at issue;

(c) Whether the plaintiff was actively resisting arrest/detention or attempting to avoid arrest/detention by flight; and

(d) Officer Ribeiro's tactical conduct and decisions before using force on the plaintiff.

The negligence claim is asserted against the City only. However, in assessing whether the City is liable, you must consider Officer Ribeiro's actions as an employee of the City.

51

1

2         *Court Notes: CACI 440 (modified by the Court).*

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. _____ [405]**

**NEGLIGENCE CLAIM – COMPARATIVE FAULT OF PLAINTIFF**

The City claims that the plaintiff's own negligence contributed to his harm. To succeed on this claim, the City must prove both of the following:

1. That the plaintiff was negligent; and

2. That the plaintiff's negligence was a substantial factor in causing his harm.

If the City proves the above, the plaintiff's damages are reduced by your determination of the percentage of the plaintiff's responsibility. I will calculate the actual reduction.

The issue of comparative fault should be considered only for the negligence claim and not the § 1983 claim or the Bane Act claim.

*Court Notes: CACI 405 (modified by the Court).*

**JURY INSTRUCTION NO. _____ [430]**

**NEGLIGENCE CLAIM – CAUSATION – SUBSTANTIAL FACTOR**

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the only cause of the harm.

*Court Notes: CACI 430.*

United States District Court
Northern District of California

**JURY INSTRUCTION NO. ____ [431]**

**NEGLIGENCE CLAIM – CAUSATION – MULTIPLE CAUSES**

*Court Notes: CACI 431.*

*The Court does not intend to give this instruction. Comparative fault has already been addressed above. This instruction therefore only has the potential to confuse the jury.*

# JURY INSTRUCTION NO. _____ [5.1]

## DAMAGES – PROOF

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on any of the plaintiff's claims, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

- The nature and extent of the injuries;

- The disability, disfigurement, loss of enjoyment of life experienced and that with reasonable probability will be experienced in the future;

- The mental, physical, emotional pain and suffering experienced and that with reasonable probability will be experienced in the future;

- The reasonable value of necessary medical care, treatment, and services received to the present time;

- The reasonable value of necessary medical care, treatment, driving and services that with reasonable probability will be required in the future;

- The reasonable value of necessary household help, services other than medical, and expenses required up to the present time;

- The reasonable value of necessary household help, driving, services other than medical, and expenses required up to the present time.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

*Court Notes: 9th Cir. Model Civil Jury Instruction Nos. 5.1-5.2. The parties have stipulated to this instruction. The Court has made a minor modification to the stipulated*

*instruction.*

     *The parties have also provided a series of damages instructions (based on CACI). See Prop. Jury Instructions at 57 et seq. Some of the CACI instructions are duplicative of the above instruction and therefore the Court has not included some of the CACI instructions.*

**JURY INSTRUCTION NO. _____ [5.3]**

**DAMAGES – MITIGATION**

The plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

(1) that the plaintiff failed to use reasonable efforts to mitigate damages; and

(2) the amount by which damages would have been mitigated.

*Court Notes:  9th Cir. Model Civil Jury Instruction No. 5.3.*

**JURY INSTRUCTION NO. _____ [3902, 3905A]**

**ECONOMIC AND NONECONOMIC DAMAGES**

The damages claimed by the plaintiff for the harm caused by Defendants fall into two categories called economic damages and noneconomic damages.

- Economic damages are expenses for medical care, treatment, and services (past and future) and so forth.

- Noneconomic damages are pain and suffering (physical and mental), loss of enjoyment of life, disfigurement, and so forth.

For noneconomic damages, no fixed standard exists for deciding the amount of these damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense. To recover for future noneconomic damages, the plaintiff must prove that he is reasonably certain to suffer that harm.

You will be asked on the verdict form to state the two categories of damages (economic and noneconomic) separately.

*Court Notes: CACI 3902; CACI 3905A. The Court has modified these instructions.*

1   **JURY INSTRUCTION NO. \_\_\_\_  [5.4]**

2   **DAMAGES ARISING IN THE FUTURE – DISCOUNT TO PRESENT CASH**

3   **VALUE**

4   Any award for future economic damages must be for the present cash value of those

5   damages.

6   Noneconomic damages are not reduced to present cash value.

7   Present cash value means the sum of money needed now, which, when invested at a

8   reasonable rate of return, will pay future damages at the times and in the amounts that you find the

9   damages [will be incurred] [or] [would have been received].

10  The rate of return to be applied in determining present cash value should be the interest

11  that can reasonably be expected from safe investments that can be made by a person of ordinary

12  prudence, who has ordinary financial experience and skill.  [You should also consider decreases in

13  the value of money that may be caused by future inflation.]

14

15  *Court Notes: 9th Cir. Model Civil Jury Instruction No. 5.4.  The Court has modified this*

16  *instruction.*

17

18

19

20

21

22

23

24

25

26

27

28

**PUNITIVE DAMAGES**

If you find for the plaintiff on his § 1983 claim against Officer Ribeiro, you may, but are not required to, award punitive damages.  The purposes of punitive damages are to punish a defendant and to deter similar acts in the future.  Punitive damages may not be awarded to compensate a plaintiff.

For his § 1983 claim against Officer Ribeiro, the plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded and, if so, the amount of any such damages.

~~For his negligence and Bane Act claims, the plaintiff has the burden of proving by clear and convincing evidence that punitive damages should be awarded and, if so, the amount of any such damages.~~

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights.  Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff.  Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal or state law.  An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount.  Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party.  In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct [, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case.  You may not, however, set the amount of any punitive damages in order to punish the defendant for

61

harm to anyone other than the plaintiff in this case].

[In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.]

[~~You may impose punitive damages against one or more of the defendants and not others, and may award different amounts against different defendants.~~] [Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.]

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 5.5. The Court has modified this instruction because punitive damages are not available against the City under state law and only state claims are asserted against the City. See Cal. Gov't Code § 818 ("Notwithstanding any other provision of law, a public entity is not liable for damages awarded under Section 3294 of the Civil Code or other damages imposed primarily for the sake of example and by way of punishing the defendant.").*

**JURY INSTRUCTION NO. _____ [3.1]**

**DUTY TO DELIBERATE**

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. Do not allow personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases, to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.

Do not be afraid to examine any assumptions you or other jurors have made which are not based on the evidence presented at trial. Please do not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be – that is entirely up to you.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 3.1 (modified by the Court).*

**JURY INSTRUCTION NO. \_\_\_\_ [3.2]**

**CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about

1    this case, the law, or the people involved – including the parties, the

2    witnesses or the lawyers – until you have been excused as jurors.  If

3    you happen to read or hear anything touching on this case in the

4    media, turn away and report it to me as soon as possible.

5    These rules protect each party's right to have this case decided only on evidence that has

6    been presented here in court.  Witnesses here in court take an oath to tell the truth, and the

7    accuracy of their testimony is tested through the trial process.  If you do any research or

8    investigation outside the courtroom, or gain any information through improper communications,

9    then your verdict may be influenced by inaccurate, incomplete or misleading information that has

10   not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial

11   jury, and if you decide the case based on information not presented in court, you will have denied

12   the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very

13   important that you follow these rules.

14   A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a

15   mistrial could result that would require the entire trial process to start over].  If any juror is

16   exposed to any outside information, please notify the court immediately.

18   *Court Notes: 9th Cir. Model Civil Jury Instruction No. 3.2.*

**JURY INSTRUCTION NO. _____ [3.3]**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Courtroom Deputy, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 3.3.*

**JURY INSTRUCTION NO. _____ [3.5]**

**RETURN OF VERDICT**

A verdict form has been prepared for you.  [Explain verdict form as needed.]  After you have reached unanimous agreement on a verdict, your [presiding juror] [foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the Courtroom Deputy that you are ready to return to the courtroom.

*Court Notes: 9th Cir. Model Civil Jury Instruction No. 3.5.*