UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDY MARTIN,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF SAN JOSE, et al.,<br><br>    Defendants. | Case No. 19-cv-01227-EMC<br><br>**ORDER RE AMENDED EXHIBIT LISTS**<br><br>Docket Nos. 87, 89 |

Below are the Court's rulings on the parties' exhibits.

**IT IS SO ORDERED**.

Dated: May 6, 2021

_____
EDWARD M. CHEN
United States District Judge

| EX. | DOCUMENT | RULING |
|---|---|---|
| 1 | Photographs of P's injuries | Rule 403 objection overruled. |
| 2 | Excerpt from Duty Manual (Use of the Police Vehicle) | Relevance objection overruled. Ruling on remaining objections (hearsay and foundation) deferred. Regarding hearsay, the Duty Manual may be admissible as long as the necessary predicate is laid. *See, e.g.*, Fed. R. Evid. 801(d)(2) (statement of party-opponent); Fed. R. Evid. 803(6) (business record); 803(8) (public record). The Duty Manual is also at issue in Exs. 3-4. |
| 3 | Excerpt from Duty Manual (Traffic Accidents) | Relevance objection overruled. Ruling on remaining objections (hearsay and foundation) deferred. *See* Ex. 2. |
| 4 | Excerpt from Duty Manual (use of force) | Relevance objection deferred. As a facial matter, the only policies that seem to be relevant are those on the use of the police vehicle (which is duplicative of Ex. 2 above), the reporting of force, and the review of the use of force. Ruling on remaining objections (hearsay and foundation) also deferred. *See* Ex. 2. |
| 5 | Excerpt from Cal. Comm'n on Peace Officer Standards and Training (POST), Basic Workbook Series, Student Materials, Learning Domain 19, Vehicle | Relevance objection overruled. Ruling on remaining objections (hearsay and foundation) deferred. *See* Ex. 2. |

| EX. | DOCUMENT | RULING |
|---|---|---|
|  | Operations (*e.g.*, defensive driving, factors affecting vehicle operations, emergency driving, operating emergency response vehicles, vehicle pursuits, vehicle dynamics, vehicle control techniques) |  |
| 6 | Scene photographs | Rule 403 objection overruled. |
| 7 | Video of operation of police vehicle (*not* on the day of the incident) | Relevance and hearsay objections overruled. Ruling on the remaining objection (foundation) deferred. Statements on the video are not describing or explaining an event or condition, and are not made to prove the truth of their content. Instead, the statements on the video are largely directions given to the person operating the vehicle to provide context. |
| 8 | Video from Officer Gutierrez's body-worn camera | Ruling deferred. The Court cannot assess the relevance, Rule 403, hearsay, and foundation objections because Plaintiff has not designated what portions of the 28-minute video he seeks to admit into evidence. The video itself is not hearsay but statements made on the video may or may not be hearsay – *e.g.*, certain statements on the video may be subject to exceptions such as present sense impression. *See United States v. Alexander*, 331 F.3d 116, 123 (D.C. Cir. 2003). On the other hand, the Court has already |

3

| EX. | DOCUMENT | RULING |
|---|---|---|
|  |  | held that, if video includes an officer (not Officer Ribeiro) falsely telling the cousin that Mr. Martin admitted he had a weapon or that a weapon had been found, that evidence is not permitted unless the door is opened (*e.g.*, for impeachment). *See* PTC Order at 20 (addressing D's MIL No. 6). |
| 9 | Excerpts from report authored by IA Investigator, Officer Peroutka | Plaintiff has stated (in response to Defendants' MIL No. 5) that he does not intend to offer the conclusions of the report into evidence. Relevance objection overruled. Remaining objections (Rule 403, hearsay, and foundation) deferred. Regarding hearsay, the report itself may qualify as a public record under Rule 803(8); alternatively, the report may be a statement of party-opponent (as to the City at least). However, the report may or may not contain hearsay. To the extent the report contains statements from Officer Ribeiro, those would be statements of a party-opponent under Rule 801(d)(2) as to Officer Ribeiro and may be statements of a party-opponent as to the City. *See* PTC Order at 18-20 (addressing D's MIL No. 5). *See, e.g.*, *Freitag v. Ayers*, 468 F.3d 523, 541 & n.5 (9th Cir. 2006) (in hostile work environment case, holding that district court did not err in admitting "IG's report, which |

| EX. | DOCUMENT | RULING |
|---|---|---|
|   |   | enumerated the agency's findings that, among other things, the administrative staff at Pelican Bay had not responded appropriately to the concerns expressed by female officers about exhibitionist masturbation, and the institution had not taken adequate steps to correct the problem"); *Jessup v. Miami-Dade Cty.*, 697 F. Supp. 2d 1312, 1322 (S.D. Fla. 2010) (stating that, "while 'factual findings' in internal affairs reports are generally admissible under an exception to the hearsay rule, Fed. R. Evid. 803(8), summaries of interviews that are contained in those reports are also double hearsay that cannot be admitted at trial or considered on summary judgment"); *Murphy v. Metro. Transp. Auth.*, 548 F. Supp. 2d 29, 43 (S.D.N.Y. 2008) (stating that "internal police investigations – when they are relevant – are presumed admissible in a civil case as public record exceptions to the hearsay rule"). |
| 10 | Computer-aided dispatch | Relevance objection overruled. The phone number of the third party should be redacted. |
| 11 | Video from Officer Serrano's body-worn camera | Ruling deferred. The Court cannot assess the relevance, Rule 403, and hearsay objections because Plaintiff has not designated what portions of the 8-minute video he seeks to admit into evidence. The video itself is not |

5

| EX. | DOCUMENT | RULING |
|---|---|---|
|  |  | hearsay but statements made on the video may or may not be hearsay. *See* Ex. 8. |
| 12 | Santa Clara Valley medical records | Ruling deferred. The Court cannot assess the relevance, Rule 403, and hearsay objections because Plaintiff has not designated what portions of the 400+ pages of records he seeks to admit into evidence. Regarding hearsay, the medical records may be admissible as business records; however, the records may or may not contain hearsay. Statements of Mr. Martin are not admissible under Rule 801(d)(2) because they are his own statements and not those of a party-opponent. Absent narrowing of what Mr. Martin seeks to admit, Court cannot determine which, if any, exceptions might apply. |
| 13 | Santa Clara Regional medical records | Ruling deferred. The Court cannot assess the relevance, Rule 403, and hearsay objections because Plaintiff has not designated what portions of the almost 500 pages of records he seeks to admit into evidence. Regarding hearsay, the medical records may be admissible as business records; however, the records may or may not contain hearsay. Statements of Mr. Martin are not admissible under Rule 801(d)(2) because they are his own statements and not those of a party-opponent. *See* Ex. 12. |
| 14 | Diagram of skeleton and internal | Objection moot. Defendants stated no |

6

| EX. | DOCUMENT | RULING |
|-----|----------|--------|
|  | organs, including the pelvic area (exhibit used in Dr. Yun deposition) | objection if the exhibit were to be used as a demonstrative only; Plaintiff has confirmed that the exhibit is to be used as a demonstrative only. |
| 15 | Expert report of Dr. Smith (biomechanical engineer opining on injury causation) | Hearsay objection sustained. However, Plaintiff may use the report to refresh recollection. |
| 16 | Exhibits from Dr. Smith's expert report (syncing of video from Officer Ribeiro and Officer Purnell's body-worn cameras) | Ruling on relevance, Rule 403, and hearsay objections deferred. Regarding hearsay, the videos are not hearsay but statements on the videos may or may not be hearsay and may be subject to hearsay exceptions. |
| 17 | Expert report of Dr. Smith (rebuttal) | Hearsay objection sustained. However, Plaintiff may use the report to refresh recollection. |
| 18 | Exhibits from Dr. Smith's expert report (rebuttal) | Hearsay objection as to Exhibits 3 and 4 sustained. Exhibits 3 and 4 are essentially continuations of the expert report. Ruling deferred as to the Otte article ("Use of Throw Distances of Pedestrians and Bicyclists as Part of a Scientific Accident Reconstruction Method"). Defendants have objected on the basis of relevance, Rule 403, and hearsay. Regarding hearsay, the article may be admissible under Rule 803(18) (learned treatise). But if the article is hearsay, then Rule 703 governs. *See* Fed. R. Evid. 703 ("If experts |

7

| EX. | DOCUMENT | RULING |
|---|---|---|
|  |  | in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect."). |
| 19 | Still frame (left-side mirror) from Officer Ribeiro's body-worn camera (exhibit used in Dr. Smith deposition) | Defendants: No objection if Flower exhibits based on body-worn camera are admitted. Exs. 529-44. Plaintiffs did not object. |
| 20 | Expert report of Mr. Bard (video) | Hearsay objection sustained. However, Plaintiff may use the report to refresh recollection. |
| 21 | Exhibit from Mr. Bard's expert report (slowed video from Officer Purnell's body-worn camera) | Defendants: No objection if Flower exhibits based on body-worn camera are admitted. Exs. 529-44. Plaintiffs did not object. |
| 22 | Exhibit from Mr. Bard's expert report (slowed video from Officer Ribeiro's body-worn camera) | Defendants: No objection if Flower exhibits based on body-worn camera are admitted. Exs. 529-44. Plaintiffs did not object. |
| 23 | Exhibit from Mr. Bard's expert report (synchronized video from body-worn cameras) | Defendants: No objection if Flower exhibits based on body-worn camera are admitted. Exs. 529-44. Plaintiffs did not object. |

8

| EX. | DOCUMENT | RULING |
|---|---|---|
| 24 | Exhibit from Mr. Bard's expert report (still frames from Officer Ribeiro's body-worn camera) | Defendants: No objection if Flower exhibits based on body-worn camera are admitted. Exs. 529-44. Plaintiffs did not object. |
| 25 | Exhibit from Mr. Bard's expert report (still frames from Officer Purnell's body-worn camera) | Defendants: No objection if Flower exhibits based on body-worn camera are admitted. Exs. 529-44. Plaintiffs did not object. |
| 26 | Expert report from Mr. Flower (City's video expert) | Hearsay objection sustained. However, Plaintiff may use the report to refresh recollection or to impeach. |
| 27 | Expert repot from Mr. Johnson (damages) | Hearsay objection sustained. However, Plaintiff may use the report to refresh recollection. |
| 28 | Traffic Collision Report (authored in part by Officer Minten and in part by Officer Ribeiro) | Hearsay objection deferred. Report may be admissible under Rule 803(6) or (8); alternatively, report may be admissible as a statement of a party-opponent (as to the City at least). However, statements in the report may or may not be hearsay. Statements made by Officer Ribeiro are not hearsay as to Officer Ribeiro because they are statements by a party-opponent; they may be statements by a party-opponent as to the City. Statements made by Mr. Martin are hearsay if offered by Mr. Martin. Document may be used to refresh recollection or impeach. |
| 29 | Excerpts from report authored by IA Investigator, Officer Peroutka | Plaintiff has stated (in response to Defendants' MIL No. 5) that he does not intend to offer the |

| EX. | DOCUMENT | RULING |
|---|---|---|
|  | (partially duplicative of Ex. 9) | conclusions of the report into evidence. Relevance objection overruled. Remaining objections (Rule 403 and hearsay) deferred. Regarding hearsay, the report itself qualifies as a public record under Rule 803(8) or is a statement of a party-opponent (as to the City at least) once foundation is laid. However, the report may or may not contain hearsay statements. To the extent the report contains statements from Officer Ribeiro, those would be statements of a party-opponent under Rule 801(d)(2) as to Officer Ribeiro; they may be statements of a party-opponent as to the City. Statements made by Mr. Martin are hearsay if offered by Plaintiff. Document may be used to refresh recollection or impeach. |
| 30 | Memos by Sgt. Sciba and Lt. Lagorio (internal investigation) | Plaintiff has stated (in response to Defendants' MIL No. 5) that he does not intend to offer the conclusions of the memos into evidence. Relevance objection overruled. Remaining objections (Rule 403, hearsay, and foundation) deferred. Regarding hearsay, the memos qualify as public records under Rule 803(8) or are statements of a party-opponent (as to the City at least) if proper foundation is laid. However, the memos may or may not contain hearsay statements. To the extent the memos |

10

| EX. | DOCUMENT | RULING |
|---|---|---|
|  |  | contain statements from Officer Ribeiro, those would be statements of a party-opponent under Rule 801(d)(2) as to Officer Ribeiro; they may be statements of a party-opponent as to the City.  Statements made by Mr. Martin are hearsay if offered by Martin.  Document may be used to refresh recollection or impeach. |
| 31 | Memo by Lt. Lagorio (internal investigation) | Plaintiff has stated (in response to Defendants' MIL No. 5) that he does not intend to offer the conclusions of the memos into evidence.  Relevance objection overruled.  Remaining objections (Rule 403, hearsay, and foundation) deferred.  Regarding hearsay, the memo qualifies as a public record under Rule 803(8) or is a statement of a party-opponent (as to the City at least) if proper foundation is laid.  However, the memo may or may not contain hearsay statements.  To the extent the memo contains statements from Officer Ribeiro, those would be statements of a party-opponent under Rule 801(d)(2) as to Officer Ribeiro; they may be statements of a party-opponent as to the City.  Document may be used to refresh recollection or impeach. |
| 32 | Incident report by Officer Gutierrez | Relevant objection overruled.  Remaining objections (Rule 403 and hearsay) deferred.  Regarding hearsay, the report qualifies as a |

| EX. | DOCUMENT | RULING |
|---|---|---|
|  |  | public record under Rule 803(8) or is a statement of a party-opponent (as to the City at least if proper foundation is laid.  However, the report may or may not contain hearsay statements.  In any event, document may be used to refresh recollection or impeach. |
| 33 | Incident report by Officer Purnell | Hearsay objection deferred.  Regarding hearsay, the report qualifies as a public record under Rule 803(8) or is a statement of a party-opponent (as to the City at least) if proper foundation is laid.  Document may be used to refresh recollection or impeach. |
| 34 | Incident report by Sgt. Sciba | Hearsay objection deferred.  Regarding hearsay, the report qualifies as a public record under Rule 803(8) or is a statement of a party-opponent (as to the City at least) if a proper foundation is laid.  However, the report may or may not contain hearsay statements.  Statements made by Mr. Martin are hearsay if offered by Mr. Martin.  Document may be used to refresh recollection or impeach. |
| 35 | Incident report by Officer Ribeiro | Hearsay objection overruled as to Officer Ribeiro (statement of party-opponent).  Hearsay objection deferred as to the City.  With respect to the City, the report qualifies as a public record under Rule 803(8) or is a statement of a party-opponent if a proper foundation is laid. |

12

| EX. | DOCUMENT | RULING |
|---|---|---|
| | | Document may be used to refresh recollection or impeach. |
| | | |
| 500 | Computer-aided dispatch | Essentially the same as Pl.'s Ex. 10.  Relevance and Rule 403 objections overruled. |
| 501 | Dispatch recording (first 6 minutes only) | No objection. |
| 502 | Certified transcript of dispatch recording (first 6 minutes only) | Rule 403 and hearsay objections overruled.  Regarding hearsay, document is not offered for truth of the matter asserted but rather for effect on listener (Officer Ribeiro). |
| 503 | Video from body-worn camera of Officer Ribeiro | No objection. |
| 504 | Video from body-worn camera of Officer Purnell | No objection. |
| 505 | Scene photograph | No objection. |
| 506 | Scene photograph | No objection. |
| 507 | Scene photograph | No objection. |
| 508 | Scene photograph | No objection. |
| 509 | Scene photograph | No objection. |
| 510 | Scene photograph | No objection. |
| 511 | Scene photograph | No objection. |
| 512 | Scene photograph | No objection. |
| 513 | Scene photograph | No objection. |
| 514 | Scene photograph | No objection. |
| 517 | Santa Clara County Crime | Relevance and Rule 403 objections overruled. |

| EX. | DOCUMENT | RULING |
|---|---|---|
|  | Laboratory toxicology report | Ruling on hearsay objection deferred. Document may be admissible as business record if proper foundation is laid. |
| 528 | Lyft records | Relevance and Rule 403 objections overruled. Ruling on hearsay objection deferred. Document may be admissible as evidence of absence of business record.  *See* Rule 803(7). |
| 529 | Still image from body-worn camera | No objection. |
| 530 | Still image from body-worn camera | No objection. |
| 531 | Still image from body-worn camera | No objection. |
| 532 | Still image from body-worn camera | No objection. |
| 533 | Still image from body-worn camera | No objection. |
| 534 | Still image from body-worn camera | No objection. |
| 535 | Still image from body-worn camera | No objection. |
| 536 | Still image from body-worn camera | No objection. |
| 537 | Slowed-down video from body-worn camera of Officer Ribeiro | No objection. |
| 538 | Video from body-worn camera of | No objection. |

| EX. | DOCUMENT | RULING |
|---|---|---|
|  | Officer Ribeiro |  |
| 539 | Slowed-down video from body-worn camera of Officer Purnell | No objection. |
| 540 | Video from body-worn camera of Officer Purnell | No objection. |
| 541 | Slowed-down video from body-worn camera of Officer Ribeiro | No objection. |
| 542 | Synced video from body-worn cameras | No objection. |
| 543 | Synced video from body-worn cameras | No objection. |
| 544 | Slowed-down video from body-worn camera of Officer Ribeiro | No objection. |
| 545 | San Jose Regional Medical Center Diagnostic Imaging (CD) (pelvis and ankle) | No objection. |
| 546 | Valley Medical Center Diagnostic Imaging (CD) (ankle and chest) | No objection. |
| 547 | Valley Medical Center Diagnostic Imaging (CD) (ankle and knee) | No objection. |
| 548 | Valley Medical Center Diagnostic Imaging (CD) (hand, wrist, pelvis) | No objection. |
| 549 | Excerpts from Santa Clara Valley Health & Hospital System | No objection. |
| 550 | Plaintiff's responses to Rogs Nos. 10 and 11 | Rog No. 10 asks how many times Plaintiff contends Officer Ribeiro ran over him; Rog No. |

| EX. | DOCUMENT | RULING |
|---|---|---|
|  |  | 11 asks Plaintiff to identify facts to support the contention that the officer ran him over more than one time. Objections to rogs (vague and ambiguous) overruled. |
| 551 | Plaintiff's responses to Rogs Nos. 9 and 12 | Rog No. 9 asks Plaintiff to state facts to support responses to RFAs. Plaintiff stated, *inter alia*, that he had already left the mall and was walking when officers responded and that he told officers he could not see behind him and did not know who was following him. Rog No. 12 asks Plaintiff to identify dates of incarceration in the past 10 years. Objection to Rog No. 9 (vague and ambiguous) overruled. Objection to Rog No. 12 has been resolved by Court's ruling on Plaintiff's MIL No. 1. |
| 552 | Plaintiff's responses to RFAs Nos. 3, 4, and 7-10 | RFAs ask Plaintiff to admit that he was running on the trail to evade the police, that he knew he was being pursued by the police, and that he had been previously been convicted of certain crimes. Objection to RFAs re evading or being pursued by the police (vague and ambiguous) are overruled. Objection to prior conviction evidence has been resolved by Court's ruling on Plaintiff's MIL No. 1. |